**TOOMATA, Appellant**

v.

**IKE RAILEY, Appellee**

# No. 19A-1907

# High Court of American Samoa

## Civil Jurisdiction, Appellate Division

# September 6, 1907

[Names of Judges unknown]

## DECISION

There seems to the President of the High Court of Tutuila no reason why this case should ever have been tried in the Village Court of Pago Pago, and that the action of that Court is sustained by District Court, No. 1, is a matter of surprise.

The evidence shows that this is an action for goods furnished to a Samoan, contrary to the provisions of Regulation, No. 3, known as the Samoan Labor and Contract Regulation, 1901, which regulation expressly declared that "NO ACTION SHALL LIE FOR THE SUBSEQUENT RECOVERY OF ANY GOODS OR CASH SUPPLIED ON CREDIT TO ANY SAMOAN CONTRARY TO THE PROVISIONS OF THIS REGULATION."

It would seem that the plain duty of both the village and the district courts was to dismiss the action at once.

But the suit was brought by the native wife of the real plaintiff, in order to make it appear that the debt was one between natives, and, therefore, within the jurisdiction of the village court.

This was plainly a fraud. The evidence shows that the debt was owing to one I. Railey, a foreigner, but the suit was instituted by his wife.

Regulation No. 5, 1900, declares the form of government of Tutuila, and, under the head of Village Courts, declares that:

"Village Magistrates shall have jurisdiction over:

(a) All civil matters between natives when the amount in dispute does not exceed the sum of ten dollars, but he shall have no jurisdiction in any matter concerning real property or rights affecting the same."

The amount in dispute being less than ten dollars, Railey

attempted to set up his wife as the Plaintiff, in order to evade the law.

■ But there were two legal impediments to such a course,—

First,—Railey could not transfer a cause of action which he himself never possessed.

Second,—In so far as Railey's wife was interested in debts owing to Railey, who was, like him, unable to go into the village court, because she is a foreigner for such purposes, and the village magistrate has no jurisdiction in any matters concerning foreigners.

■ So far, the case is clearly one that should have been dismissed, but the decision of the District Court No. 1, contains matter that it is necessary to notice, in order to remove certain false impressions, of the constitution of courts and of the power to modify laws, that seem to exist.

The decision of District Court, No. 1, which strikes this court as partaking more of the nature of an argument for the appellee than of the nature of a judicial decision, relies upon a conversation—not of record—between one of the district judges sitting on the case and a former acting commandant, partly, for authority to try this case in a village court.

It would be fatal to all judicial procedure and to all law here if the express law of the land were alterable in such manner, and, in the absence of any record of such authority, this contention cannot be accepted as law.

It is further held, in the opinion of the district court, that certain disregard of law, admitted to have been practiced in the office of the Secretary of Native Affairs, in alleged conformity with the before-mentioned conversation, is binding upon the High Court.

■ The Secretary of Native Affairs is not ex officio a member of the High Court. He has a certain executive

625

authority to supervise the conduct of the magistrates and judges of the lower courts in regard to the manner of performing their duties, but that authority is purely ministerial, and not, in the opinion of this court, judicial. To allow any such authority would be to supplant the High Court and place in the hands of a subordinate executive official the entire control of the interpretation of the laws, which it is inconceivable that the organizer of this government could have intended for a moment.

That, in view of the manner of calling a session of the High Court, anyone can seriously advance the opinion that any action of the Secretary of Native Affairs, in his ministerial capacity, is binding upon the High Court, is beyond our understanding. Such a view practically destroys the High Court and the right of appeal thereto.

Stress is laid upon certain instructions given to magistrates. These instructions were given in the Samoan language, and do not appear in the English translation of instructions to magistrates furnished to the President of the High Court some time after his arrival in these islands in 1905. If they have been issued since his arrival, they have been issued without authority, and if before that time, they should have been reported.

It was learned while this appeal was pending, that instructions looking to trials in line with the decision appealed from had been given, and an order was immediately given by the Governor to revoke such instructions.

It may be possible that the Samoan Labor and Contract Regulation, 1901, may bear hard upon certain people. If this be true, appeal should be made to the law-making power. It is always dangerous to allow courts to legislate, and it seems to this court that this is what has been attempted here.

Further, if one court may legislate, why not any court? What sort of law would there be.

The argument against the appellee that he waived his rights might stand, if it were merely a question of personal privilege, but this court holds that the subject-matter at issue was beyond the jurisdiction of the village court, and that therefore, waiver could not give jurisdiction.

In order that no misunderstandings may arise in the future, the remarks of the District Court upon the probable effect of the penal clause of the Samoan Labor and Contract Regulation, No. 3, 1901, are to be understood merely discussion by the way, and are not to be regarded as a judicial determination of the question.

It is therefore ordered that the decision of the District Court, No. 1, upholding the judgment of the Village Court be reversed. In view of the absolute want of jurisdiction a new trial will not be granted; but upon consideration of the statement contained in the opinion of the District Court that such cases have been tried in the Village Courts, and have been passed by the Secretary of Native Affairs, it is possible that the appellee may have been misled as to this matter, and inasmuch as the money to pay the debt has been deposited in the Court, the case will be dismissed without costs. Whatever costs may have been collected from either party will be remitted and returned.